UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARCUS SHOALS, SR., an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>OWENS & MINOR DISTRIBUTION, INC., a corporation; STAFFMARK HOLDINGS, INC., a corporation; STAFFMARK INVESTMENT, LLC, a limited liability company; JOHN CLINE, an individual; and DOES 1 through 50, inclusive,<br><br>            Defendants. | No. 2:18-cv-02355 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE: DEFENDANT STAFFMARK INVESTMENT, LLC'S MOTION FOR GOOD FAITH SETTLEMENT</u> |

----oo0oo----

Before the court is defendant Staffmark Investment, LLC's ("Staffmark Investment") motion for determination of good faith settlement. (Mot. (Docket No. 39).) The motion is unopposed by the remaining non-settling defendants.

I.   <u>Background</u>

Staffmark Investment is a temporary services agency

1

1  that places its employees in various temporary jobsites
2  throughout California.  (Mot. at 1.)  Plaintiff Marcus Shoals,
3  Staffmark Investment's former employee, claims he was subjected
4  to racial discrimination, sexual harassment, and retaliation
5  during his placement with defendant Owens & Minor Distribution,
6  Inc. ("O&M").  (Request for Judicial Notice ("RJN"), Ex. B
7  ("First Am. Compl.") ¶¶ 18-19, 23 (Docket No. 39-1).)  After
8  plaintiff left O&M, Staffmark Investment placed him at Penske
9  Logistics LLC in December 2014.  (Decl. of Susan Steward
10 ("Steward Decl.") ¶ 13 (Docket No. 39-2).)  Plaintiff ended his
11 employment with Staffmark Investment after he accepted a full-
12 time position with Penske.  (Id. ¶ 17.)

13         Plaintiff brought this action in California state court
14 against O&M, his supervisor at O&M, John Cline, Staffmark
15 Investment, and Staffmark Holdings, Inc. ("Staffmark Holdings"),
16 alleging seven causes of action: (1) Unlawful Harassment/Hostile
17 Environment in violation of California Government Code §
18 12940(j)(3); (2) Unlawful Harassment/Hostile Environment in
19 violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.
20 §2000 et seq.; (3) Discrimination in violation of the California
21 Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§
22 12900-12996; (4) Discrimination in violation of Title VII; (5)
23 Retaliation in violation of California Government Code §
24 12940(h); (6) Retaliation in violation of Title VII; and (7)
25 Failure to Prevent Discrimination and Harassment in violation of
26 California Government Code § 12940(k).  (See generally First Am.
27 Compl.)  All defendants agreed to remove the case to this court.
28 (Docket Nos. 1, 7.)  Staffmark Holdings and Staffmark Investment

then moved to compel arbitration on August 31, 2018.  (Docket No. 12.)

This court denied plaintiff's subsequent motion to remand and granted the motion to compel arbitration.  (Docket No. 34.)  After proceeding through JAMS arbitration before the Honorable Rebecca Westerfield (Ret.), plaintiff agreed to dismiss Staffmark Holdings in exchange for a waiver of costs.  (Steward Decl. ¶ 13.)  The court ordered the dismissal of Staffmark Holdings on October 15, 2019.  (Docket No. 37.)  On December 9, 2019, plaintiff served Staffmark Investment a statutory offer to compromise pursuant to California Code of Civil Procedure § 998 for $110,000.  (Steward Decl. ¶ 14, Ex. G.)  Staffmark Investment and plaintiff eventually settled for $70,000.  (Id. ¶¶ 18-20, Ex. I.)  Staffmark Investment now seeks a judicial determination that the settlement was reached in good faith.  (Docket No. 39.)

II. Discussion

A. Applicable Law

In California, state substantive law on settlements is codified at California Code of Civil Procedure Section 877. Section 877.6, the procedural mechanism for implementing Section 877, is intended to promote the equitable sharing of costs among the parties at fault and encourage settlement.  Tech-Bilt, Inc. v. Woodward-Clyde & Ass'n, 38 Cal. 3d 488, 494 (1985).  While the procedures set forth in Section 877.6 "do not govern a federal action" like the one here, "the substantive provisions of California law" are applicable.  Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990).

Courts are permitted to approve a settlement under

3

Section 877.6 if it was made in good faith. Cal. Civ. P. § 877.6. To access whether a settlement was made in good faith, courts must determine whether the settlement is within the "reasonable range" of the settling tortfeasor's share of liability for the plaintiffs' injuries. Tech-Bilt, 38 Cal. 3d at 499. Courts consider the following, among other practical factors: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount to be paid in settlement; (3) the allocation of settlement proceeds among the plaintiffs (if there are multiple plaintiffs); (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. Id. Ultimately, the determination is left to the trial court's discretion. Id. at 502.

### B.   Application to Plaintiff's Claims

Staffmark Investment agreed to settle with plaintiff for $70,000. (Stewart Decl. ¶¶ 18-20, Ex. I.) The terms of their settlement agreement are as follows: (1) dismissal without prejudice of this litigation and the Arbitration Action against Staffmark Investment; (2) timely payment of the settlement funds; (3) mutual release of claims arising out of plaintiff's employment with Staffmark Investment, including a waiver under California Civil Code § 1542; (4) mutual agreement by each party to bear its own attorneys' fees, costs, and expenses; and (5) no admission of liability from Staffmark Investment for the

allegations made against it in plaintiff's complaint. (Id.)

The first through fourth Tech-Bilt factors consider whether the agreed upon settlement accurately reflects the settlor's liability and whether the settlement amount is equitable under the circumstances. 38 Cal. 3d at 499. Settlements need only be "in the ballpark" of the settling party's proportionate share of liability rather than calculated with exacting mathematical certainty. Id. at 501 n.9.

Here, plaintiff's Statutory Offer to Compromise was for $110,000. (Steward Decl., Ex. G.) Staffmark Investment's subsequent offer to settle for $70,000 was made after extensive written discovery, witness investigations, and depositions. (Steward Decl. ¶¶ 7-9; Mot. at 13.) Staffmark Investment maintains it is not liable for any of the injuries alleged in plaintiff's complaint. (Mot. at 7, 10.) However, it recognizes that settling plaintiff's claims is the most cost-effective means by which to end its involvement in this case. (Id. at 7.) While Staffmark Investment claims $70,000 is "much greater" than its potential liability at arbitration, the amount reflects the anticipated litigation costs to end plaintiff's action with a dispositive motion. (Mot. at 12.)

As the court stressed in Tech-Bilt, it is appropriate for the settling parties to pay less in settlement than they would through the course of litigation. 38 Cal. 3d at 499. The final settlement, $70,000, is within the reasonable range of liability for Staffmark Investment and was arrived at through arm's length negotiations. Accordingly, it satisfies the first four Tech-Bilt considerations.

5

       Although Staffmark Investment's motion contains no discussion its financial condition or policy limits, there appears to be no indication of any collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants, and counsel for O&M and John Cline have not opposed the present motion.  Accordingly, the relevant <u>Tech-Bilt</u> factors favor a finding of good faith.

       IT IS THEREFORE ORDERED that Staffmark's motion for determination of good faith settlement (Docket No. 39) be, and the same hereby is, GRANTED.

       IT IS FURTHER ORDERED that:

1. The settlement between plaintiff and Staffmark Investment was made in good faith under Cal. Civ. P. § 877.6 and <u>Tech Bilt, Inc. v. Woodward-Clyde & Associates</u>, 38 Cal. 3d 488 (1985);

2. Any and all claims or future claims for contribution or indemnity, arising out of the facts alleged in the complaint, and as further identified and provided for in the settlement, regardless of when such claims were asserted or by whom, are barred;

3. Plaintiff's complaint is dismissed without prejudice as to Staffmark Investment, LLC;

4. Each party will bear its own attorneys' fees, costs, and expenses.

Dated:  April 28, 2020

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6