UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARCUS SHOALS, SR., an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>OWENS & MINOR DISTRIBUTION, INC., a corporation; STAFFMARK HOLDINGS, INC., a corporation; STAFFMARK INVESTMENT, LLC, a limited liability company; JOHN CLINE, an individual; and DOES 1 through 50, inclusive,<br><br>            Defendants. | NO.  2:18-cv-02355 WBS JDP |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report and conferring with the parties at a Status (Pretrial Scheduling) Conference held on January 31, 2022, the court makes the following findings and orders.

I.    SERVICE OF PROCESS

1

        All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.   JOINDER OF PARTIES/AMENDMENTS

        No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III.  JURISDICTION/VENUE

        Jurisdiction is predicated upon 28 U.S.C. § 1332, because the parties are of diverse citizenship. Venue is undisputed and hereby found to be proper.

## IV.   DISCOVERY & MOTION HEARING SCHEDULE

        The parties served the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on February 1, 2021.

        The parties state that they wish to take all non-expert discovery before defendants file an anticipated motion for summary judgment. They also state that they wish to wait until after that motion has been resolved to take any expert discovery.

        Accordingly, per agreement of the parties, all discovery, including depositions for preservation of testimony, but excluding the disclosure of experts and production of expert reports, is left open, save and except that it shall be so conducted as to be completed by December 30, 2022. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if

necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than December 30, 2022.

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, but including the parties' proposed motion for summary judgment, shall be filed on or before February 10, 2023. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 10, 2023. With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before May 8, 2023.

V. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for July 17, 2023, at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements,

and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VI. TRIAL SETTING

The jury trial is set for September 12, 2023 at 9:00 a.m.  The parties estimate that the trial will last five days.[1]

VII. SETTLEMENT CONFERENCE

At the status conference, the parties indicated that they may undertake to settle the case before non-expert discovery is complete.  If the parties wish to do so, they may contact the clerk to arrange an early settlement conference.  Otherwise, a Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court

---

[1] The court declines to take up the parties' request to bifurcate the trial at this time.  The parties may raise the issue at the pretrial conference if they still wish to seek bifurcation at that time.  See L.R. 281(b)(18).

4

whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge. If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

VIII.  MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:  February 1, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE